Filed 1/4/22  Talib v. Van Lingen Towing CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| TALMADGE ADIB TALIB, Plaintiff and Appellant, v. VAN LINGEN TOWING, INC., et al., Defendants and Respondents. | B288525 Los Angeles County Super. Ct. No. BC580054 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert Broadbelt, Judge.  Affirmed.

Talmadge Adib Talib, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

————————————

Police stopped Talmadge Adib Talib just before midnight on April 26, 2013. His car lacked headlights and a current registration sticker, and he was driving on a suspended driver's license. Police impounded Talib's car, which was towed, and cited him to appear in court on June 2, 2013, for driving on a suspended license. Talib sued in federal court to challenge this police stop. The federal court apparently adjudicated the matter for the defense.

In state court, Talib then sued Van Lingen Towing, Inc. and Robert Van Lingen (collectively, "Van Lingen") because, at police direction, these defendants towed Talib's car from the arrest scene. The trial court granted Van Lingen's motion for summary judgment in 2018. The court reasoned Van Lingen had acted in good faith and as the Los Angeles County Sheriff's Department's agent when it towed Talib's car. This situation defeated Talib's conversion claim, the court ruled, because Talib had no possessory interest in his car once police impounded it. Talib's fraud claim failed because Van Lingen gave Talib proper notice of the auction when Talib failed to pay storage fees for his car. Neither could a negligence claim survive Van Lingen's undisputed evidence that it breached no duty of care. And Talib's claim for intentional infliction of emotional distress failed, the court finally ruled, because Van Lingen's conduct was neither extreme nor outrageous. The court entered judgment against Talib.

On appeal, Talib objects to what he maintains was oppressive and unfair police treatment in 2013. He does not, however, contest the trial court's 2018 summary judgment ruling. We affirm this legal reasoning on the merits. The court's analysis was straightforward and correct.

Talib directs his legal argument at the trial court's failure to appoint a court reporter for him. The trial court's settled statement recounts that the court overruled Talib's first request for a reporter because he was required "to arrange for the presence of a court reporter prior to the hearing." The court denied Talib's second request at a later hearing, citing California Rules of Court, rule 2.956, and the Superior Court of Los Angeles County, Local Rules, rule 2.21. The latter rule includes the following language:

"A party who has received a fee waiver may request an official court reporter pursuant to California Rules of Court, rule 2.956(c)(2). The request must be made by using the local form, Request for Court Reporting Services by a Party with Fee Waiver (LACIV 269), or Judicial Council form FW-020 and should be filed at least ten calendar days before the hearing or trial for which the reporter is requested. If the requesting party received less than ten days' notice of the hearing or trial, the requesting party must file the request as soon as practicable."

Talib does not argue he complied with this rule. Nor does his brief cite anything in the record showing compliance. We reject Talib's attack on the court reporter ruling.

As an alternative and independent ground, even if we were to assume there was error about the court reporter, we would affirm nonetheless. Talib has not shown, nor has he undertaken to show, how the absence of a court reporter could have prejudiced him, either in the trial court or on appeal. The trial court set out in writing its correct analysis of Talib's conversion, fraud, negligence, and emotional distress claims. Nothing about a court reporter's presence could change the rectitude of this analysis, either in the trial court or on appeal.

This case thus differs decisively from *Jameson v. Desta* (2018) 5 Cal.5th 594, which Talib cites, where the trial court granted a nonsuit on the basis of a plaintiff's oral opening statement at trial. The Court of Appeal affirmed without reaching the merits on the ground the merits were not cognizable in the absence of a reporter's transcript. (*Id.* at pp. 623–625.) Here, by contrast, the key trial court decision was written, and our appellate decision is on the merits. In this setting, Talib has failed to tell us why the transcript of the hearing is necessary to our consideration of the merits of his appeal. Any error was harmless.

**DISPOSITION**

We affirm.

WILEY, J.

We concur:

STRATTON, Acting P. J.

HARUTUNIAN, J.*

---

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.